IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

NOVO TRANSFORMA
TECHNOLOGIES, LLC,

                Plaintiff,

v.

ACS WIRELESS, INC. and
ALASKA COMMUNICATIONS SYSTEMS
GROUP, INC.,
                Defendants.

Civil Action No. _____

JURY TRIAL DEMANDED

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Novo Transforma Technologies, LLC ("NTT" or "Plaintiff"), by way of

Complaint against the above-named defendants ("Defendants"), alleges the following:

**NATURE OF THE ACTION**

1.      This is an action for patent infringement arising under the Patent Laws of the

United States, 35 U.S.C. § 1 *et seq*.

**THE PARTIES**

2.      Plaintiff NTT is a limited liability company organized under the laws of the State

of Delaware with a place of business at 1220 N. Market St., Suite 806, Wilmington, Delaware

19801.

3.      On information and belief, Defendant ACS Wireless, Inc. ("ACS Wireless") is a

corporation organized under the laws of the State of Delaware with its principal place of business

at 600 Telephone Ave., Anchorage, Alaska 99503.

4.      On information and belief, Defendant Alaska Communications Systems Group,

Inc. ("ACSG") is a corporation organized under the laws of the State of Delaware with its

principal place of business at 600 Telephone Ave., Anchorage, Alaska 99503.   On information

and belief ACSG is the parent company of ACS Wireless.  Defendants ACSG and ACS will

henceforth be referred to collectively as "the ACS Entities" or "Defendants".

## JURISDICTION AND VENUE

5.      This is an action for patent infringement arising under the Patent Laws of the

United States, Title 35 of the United States Code.

6.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.

7.      On information and belief, Defendants are subject to the jurisdiction of this Court

by virtue of the fact that they are organized under the laws of the State of Delaware.  On

information and belief, Defendants also are subject to jurisdiction of this Court by reason of their

acts of patent infringement which have been committed in this Judicial District, and by virtue of

their regularly conducted and systematic business contacts in this State.  As such, Defendants

have purposefully availed themselves of the privilege of conducting business within this Judicial

District; have established sufficient minimum contacts with this Judicial District such that they

should reasonably and fairly anticipate being haled into court in this Judicial District; and at least

a portion of the patent infringement claims alleged herein arise out of or are related to one or

more of the foregoing activities.

8.      Venue is proper in this judicial district under 28 U.S.C. §§ 1391(c) and 1400(b).

## JOINDER

9.      Joinder is proper under 35 U.S.C. § 299.  The allegations of infringement

contained herein are asserted against the Defendants jointly, severally, or in the alternative and

arise, at least in part, out of the same series of transactions or occurrences relating to the

performance of the same accused processes.  On information and belief, the Defendants are part

of the same corporate family of companies, and the infringement allegations arise at least in part from the Defendants' collective activities with respect to the Defendants' MMS services. Questions of fact common to the Defendants will arise in the action, including questions relating to the ownership and management of the Defendants' MMS services, the structure and operation of the Defendants' MMS services, the infringing acts of Defendants, and, on information and belief, the validity of the patents-in-suit.

## THE PATENT-IN-SUIT

10. On October 20, 1998, United States Patent No. 5,826,034 ("the '034 Patent"), entitled "System and Method for Transmission of Communication Signals through Different Media," was duly and legally issued by the United States Patent and Trademark Office.  A true and correct copy of the '034 Patent is attached as Exhibit A to this Complaint.

11.      NTT is the assignee and owner of the right, title and interest in and to the '034 Patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

## COUNT I – INFRINGEMENT OF U.S. PATENT No. 5,826,034

12.      The allegations set forth in the foregoing paragraphs 1 through 11 are hereby realleged and incorporated herein by reference.

13.      NTT provided actual notice to Defendants of Defendants' infringement of the '034 Patent in a letter dated April 12, 2013.  In that letter, NTT informed Defendants that Defendants were infringing the '034 Patent by providing Multimedia Messaging Service ("MMS") services to their customers.  NTT's letter further informed Defendants that by providing MMS services, they performed or induced performance of each of the steps of at least claim 23 of that patent in at least the following manner:

(a)     The Defendants' MMS service provides guaranteed end-to-end delivery of a multimedia message payload from a sender to a recipient over one or more networks by converting the message payload as necessary to enable delivery to the recipient's device.

(b)     The MMS message payload is generated via Defendants' customer's device.

(c)     Various payload delivery parameters are specified, such as the address of the message recipient.

(d)     A multimedia messaging service center ("MMSC") adapts the MMS payload depending on the recipient's device's capabilities so that the recipient's device can display the MMS message.  This adaptation takes place at MMSCs located at different locations depending on the location of the sender and recipient and their service providers.

(e)     The MMS service automatically notifies the sender upon receipt of the MMS message by the recipient.

14.     NTT's letter further informed Defendants that they are inducing infringement of the '034 Patent by actively aiding and abetting others whose performance of certain steps of the asserted claims in combination with the steps performed by or on Defendants' behalf constitutes direct infringement.  The letter explained that Defendants actively induce their customers to perform at least some of the steps of the asserted claims by offering MMS, advertising MMS, distributing phones that support MMS, and providing instructions regarding the use of MMS. The letter further explained that Defendants also actively induce MMSC service providers and other cellular service providers to perform at least some of the steps of the asserted claims by entering into agreements with such parties that require performance of those steps and by forwarding MMS messages to those entities.

15.     Defendants have had actual knowledge of the '034 Patent and its infringement of that patent since at least the date Defendants received the April 12, 2013 notice letter from NTT.

16.     In violation of 35 U.S.C. § 271(a), Defendants have directly infringed and continue to directly infringe, both literally and under the doctrine of equivalents, the '034 Patent by performing the methods claimed in one or more claims of the '034 Patent, including but not limited to claim 23, in the United States without the authorization of NTT during the operation and testing of the Defendants' MMS services.

17.     Upon information and belief, Defendants have induced and continue to induce others to infringe the '034 Patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others, including their customers, MMSC service providers, and other cellular service providers, whose performance of certain steps of the asserted claims in combination with the steps performed by or on behalf of the Defendants constitutes direct infringement of at least claim 23 of the '034 Patent.  In particular, Defendants' actions that aid and abet their customers to perform certain steps of the asserted claims (such as the "generating" and "defining" steps) include offering MMS, advertising MMS, distributing phones that support MMS, and providing instructions regarding the use of MMS. Defendants' actions that aid and abet MMSC service providers and other cellular service providers to perform certain steps of the asserted claims (such as the "converting" step) include (a) entering into agreements with such parties that require processing of MMS messages in accordance with MMS specifications, and (b) forwarding MMS messages to those parties.  On information and belief, Defendants have engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement because Defendants have had

actual knowledge of the '034 Patent and that their acts were inducing infringement of the '034

Patent since at least the date they received the notice letter from NTT.

18.     NTT has been harmed by Defendants' infringing activities.

19.     NTT notified Defendants of their infringement of the '034 Patent including an

identification of the particular infringing products and features, but Defendants thereafter

continued to infringe the '034 Patent by continuing the activities described in Paragraphs 13-14

above.  On information and belief, Defendants have not obtained an opinion of counsel regarding

infringement or validity with respect to the claims of '034 Patent.  Defendants' continued

infringement has therefore been in reckless disregard of NTT's patent rights.  On information

and belief, Defendants' infringement has been and continues to be willful.

## JURY DEMAND

NTT demands a trial by jury on all issues triable as such.

## PRAYER FOR RELIEF

WHEREFORE, NTT respectfully requests that this Court enter judgment for NTT and

against Defendants as follows:

a.     An adjudication that Defendants have infringed the '034 Patent;

b.     An award of damages to be paid by Defendants adequate to compensate NTT for

Defendants' past infringement of the '034 Patent, and any continuing or future infringement

through the date such judgment is entered, including interest, costs, expenses and an accounting

of all infringing acts including, but not limited to, those acts not presented at trial;

c.     An injunction ordering Defendants to pay an ongoing royalty in an amount to be

determined for any continued infringement after the date judgment is entered;

d.     An award of treble damages under 35 U.S.C. § 284;

e.      A declaration finding this to be an exceptional case, and awarding NTT attorney

fees under 35 U.S.C. § 285; and

f.      For such further relief at law and in equity as the Court may deem just and proper.


Dated:  June 21, 2013                    STAMOULIS & WEINBLATT LLC

                                         */s/ Richard C. Weinblatt*
                                         Stamatios Stamoulis #4606
                                                 stamoulis@swdelaw.com
                                         Richard C. Weinblatt #5080
                                                 weinblatt@swdelaw.com
                                         Two Fox Point Centre
                                         6 Denny Road, Suite 307
                                         Wilmington, DE 19809
                                         Telephone: (302) 999-1540

                                         *Attorneys for Plaintiff*
                                         *Novo Transforma Technologies, LLC*